IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 AUG -7 A 9: 35

CLERK_____
SO. DIST. OF GA.

BRAIDOR JIMENEZ,

    Petitioner,

vs.

CARL SAMUEL, JR., Director of
Federal Bureau of Prisons,

    Respondent.

CIVIL ACTION NO.: CV513-059

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Braidor Jimenez ("Jimenez"), who is currently incarcerated at D. Ray James Correctional Institution in Folkston, Georgia, filed a Motion for Declaratory Judgment pursuant to 28 U.S.C. § 2201. For the reasons which follow, Jimenez's Motion should be **DISMISSED**.

## STATEMENT OF THE CASE

Jimenez is serving a 36-month sentence for health care fraud, in violation of 18 U.S.C. § 1347. Jimenez has a projected release date of September 7, 2013, via good conduct time release.

Jimenez contends that he is married to a United States' citizen and has a child who is also a citizen of the United States. Jimenez also contends that his brother, mother, and grandmother are all naturalized citizens. Jimenez further contends that he has lived in the United States since 1997. Jimenez seeks a declaration that he is a national of the United States.

AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION TO AUTHORITY

"Where an official's authority to act depends upon the status of the person affected, in this case eligibility for citizenship, that status, when in dispute, may be determined by a declaratory judgment proceeding after the exhaustion of administrative remedies." McGrath v. Kristensen, 340 U.S. 162, 169 (1950) (cited in Roberts v. INS, 372 F. App'x 921, 925 (11th Cir. 2010)). In McGrath, the United States Supreme Court concluded that the petitioner could bring a § 2201 declaratory judgment action to determine citizenship status because the Attorney's General's refusal to suspend deportation was a final administrative decision.

However, in Roberts, the Court of Appeals for the Eleventh Circuit determined that the petitioner could not bring a declaratory judgment action because the petitioner's immigration proceedings had not yet begun. Specifically, even though the Department of Homeland Security ("DHS") had denied Roberts' naturalization application, Roberts had not challenged that denial before an immigration officer. Additionally, even though DHS issued a detainer for Roberts, Roberts had not received a Notice of Action commencing removal proceedings. As a result, the district court in Roberts lacked jurisdiction to entertain Roberts' nationality claim. Similarly, this Court lacks jurisdiction to hear Jimenez's nationality claim because "it is clear on the face of [Jimenez's] complaint that immigration proceedings [have] not yet begun[.]" Roberts, 372 F. App'x at 925.

To the extent Jimenez seeks to bring a derivative citizenship claim, he cannot do so at this time. However, the Court is mindful that inmates can bring derivative citizenship claims under certain conditions. See Sundar v. INS, 328 F.3d 1320, 1323

2

(11th Cir. 2003). In the first instance, an inmate begins by filing an application for certificate of citizenship with the Department of Homeland Security ("DHS"). 8 C.F.R. § 341.1. If this application is denied, the inmate may file an appeal with the Administrative Appeals Unit ("AAU"). 8 C.F.R. §§ 322.5(b) and 103.3(a). If the AAU denies the appeal, then the applicant may be able to file an action in district court seeking declaratory judgment on his derivative citizenship claim. 8 U.S.C. § 1503(a); Ortega v. Holder, 592 F.3d 738, 744 (7th Cir. 2010) (noting that an individual can establish nationality pursuant to section 1503 once an administrative application for a certificate of citizenship has been denied); Nelson v. United States, 107 F. App'x 469, 470-71 (6th Cir. 2004) (stating that § 1503(a) requires a final administrative denial before a declaratory judgment action may be instituted). In those instances in which "an application for a certificate of citizenship has been denied and the time for appeal has expired, [the United States Customs and Immigration Service] will reject a subsequent application submitted by the same individual and the applicant will be instructed to submit a motion to reopen or reconsider[.]" 8 C.F.R. § 341.5(e).

The second instance in which judicial review of a derivative citizenship claim is appropriate occurs "[w]here an individual is subject to removal proceedings, and a claim of derivative citizenship has been denied" as part of such proceedings. Henriquez v. Ashcroft, 269 F. Supp.2d 106, 108 (E.D. N.Y. 2003). In this circumstance, review is properly sought "before the appropriate court of appeals, not a district court." Id. (citing 8 U.S.C. § 1252(b)(5)). Moreover, regardless of whether a claim of derivative citizenship is made following an application for a certificate of citizenship or in conjunction with removal proceedings, all available administrative remedies must be

3

exhausted before a federal court has subject matter jurisdiction to review the claim. 8 U.S.C. §§ 1503(a) and 1252(b)-(d); Sundar v. INS, 328 F.3d 1320, 1323-24 (11th Cir. 2003) (noting that the exhaustion requirement is jurisdictional and applies equally to habeas corpus proceedings).

Jimenez has not shown that he exhausted the proper administrative remedies before filing this cause of action. The undersigned recognizes that Jimenez may have exhausted the administrative remedies available to inmates housed at D. Ray James Correctional Institution, (Doc. No. 1, pp. 11, 15—22), but these remedies are not the same as those required by the DHS for citizenship purposes. In addition, Jimenez has not shown that deportation proceedings have begun. In short, this Court is without jurisdiction to entertain Jimenez's claims.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Jimenez's Motion for Declaratory Judgment be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 7th day of August, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)